UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAISHNAVI TELUKUNTA,

          Plaintiff,

v.

ALEJANDRO MAYORKAS and
TRACEY RENAUD,

          Defendants.

          Case No. 2:21-cv-10372

          HONORABLE STEPHEN J. MURPHY, III

          /

**OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS [6]**

Plaintiff petitioned the Court for a writ of mandamus that directs Defendants to adjudicate her applications to extend her nonimmigrant status and for employment authorization. ECF 1. Defendants moved to dismiss the petition under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. ECF 8. The parties fully briefed the motion and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will dismiss the petition.

**BACKGROUND**

Plaintiff is an Indian citizen and resides in Michigan. ECF 1, PgID 5. In September 2020, Plaintiff applied to extend her nonimmigrant status through a Form I-539. *Id.* At the same time, she also applied for employment authorization through a Form I-765 "based on her H-4 non-immigrant status." *Id.* Her husband applied as well to extend his status as an H-1B nonimmigrant through a Form I-129; his extension was approved in ten days. *Id.* Plaintiff's two applications are pending before

1

the United States Citizenship and Immigration Services ("USCIS") despite her inquiries. *Id.* at 6. After waiting four months for approval, Plaintiff filed the present petition for a writ of mandamus against Defendants. ECF 1.

Plaintiff's petition requested that the Court compel Defendants to "perform their [] duties to adjudicate" her applications. *Id.* at 7. According to Plaintiff, the four-month delay (now eight-month delay) is unreasonable under the Administrative Procedure Act ("APA") and because of that, she is entitled to a writ of mandamus. *Id.* at 2. Plaintiff alleged the Court had jurisdiction over a federal question because of the mandamus statute, 28 U.S.C. § 1361, and the APA, 5 U.S.C. §§ 555(b), 702. *Id.* at 1–2.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h). When a defendant challenges subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). When a defendant facially attacks whether the plaintiff properly alleged a basis for subject-matter jurisdiction, the trial court takes the complaint's allegations as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

**DISCUSSION**

Defendants' motion to dismiss has two parts. Defendants first claimed the Court lacks subject-matter jurisdiction under the APA. ECF 6, PgID 28–32. And second, Defendants claimed the Court lacks subject-matter jurisdiction under the mandamus statute, 28 U.S.C § 1361. *Id.* at 32–33. The Court will address each part in turn.

I.   APA Claim

The APA allows the Court to compel agency action that has been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also* § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review."). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted).

The parties agree "USCIS has a nondiscretionary duty to adjudicate Plaintiff's applications within a reasonable time" under 5 U.S.C. § 555(b). ECF 6, PgID 29; *see also* ECF 7, PgID 39 ("The parties agree that USCIS is subject to [5 U.S.C. § 555(b)]."). But the parties disagree about whether Plaintiff can show her wait time is "unreasonably delayed" under § 706(1). ECF 6, PgID 29; ECF 7, PgID 39.

USCIS discloses the processing time for applications on its website. Check Case Processing Times, USCIS, https://bit.ly/3hH4NG0 [https://perma.cc/JHC7-L29W]. The estimated wait time for Plaintiff's I-539 application is 9.5 to 12 months.

3

ECF 6, PgID 30; *see also* Exhibit A. For Plaintiff's I-765 application, the wait time is 9 to 12 months. ECF 6, PgID 30; *see also* Exhibit B.

To determine whether an agency's delay in taking required action is unreasonable, the Court applies a six-factor test. *Telecomms. Research & Action v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984); *see, e.g.*, *Mendez v. U.S. Dep't of Homeland Sec.*, --- F.3d ---, 2020 WL 7585828, at *4 (W.D. Mich. 2020) (applying *TRAC* factors). The factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*TRAC*, 750 F.2d at 80.

The "most important" *TRAC* factor is the first factor. *Muminov v. Sessions*, No. 18-cv-1034, 2018 WL 5298386, at *4 (N.D. Ohio, Oct. 25, 2018) (quoting *In re Core Comms., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)). And it heavily supports Defendants because USCIS reviews I-539 and I-765 visa applications based on a "first-in, first-out" system. ECF 6, PgID 26. Because the applications are "adjudicated in order of submission," the system constitutes a "rule of reason" under the first *TRAC* factor. *Mendez*, --- F.3d ---, 2020 WL 7585828, at *4. Thus, the first *TRAC* factor heavily favors Defendants.

The second *TRAC* factor also supports Defendants because no law establishes a mandatory timetable to adjudicate I-539 or I-765 applications, or a requirement to adjudicate I-539 or I-765 applications with a spouse's H-1B application. Plaintiff incorrectly interpreted 8 U.S.C. § 1571 to create a mandatory one hundred eighty-day timetable. ECF 7, PgID 41. Instead, § 1571(b) states that "[i]t is the sense of Congress that the processing of an immigration benefit application *should be* completed not later than 180 days after the initial filing." (emphasis added). The statute's plain text lacks any compulsory language to interpret it as a legal requirement. 8 U.S.C. § 1571(b); *see also Thakkar v. United States*, 389 F. Supp. 3d 160, 178 (D. Mass. 2019) ("Congress stopped short of mandating a time limit for adjudication.") (internal quotations and quotation deleted); *Ryan v. Dedvukaj*, No. 09-14178, 2009 WL 3809813, *1–2 (E.D. Mich. Nov. 13, 2009) (same).

No regulation creates a mandatory timetable either. Plaintiff failed to accurately cite the regulation about H-4 visa administration by omitting the term "may" directly before the text "be 'admitted, if otherwise admissible, as H-4 nonimmigrants for the same period of admission or extension as the principal spouse or parent.'" 8 C.F.R. § 214.2(h)(9)(iv); *see* ECF 7, PgID 41 (citing 8 C.F.R. § 214.2(h)(9)(iv)). In any event, the regulation's plain text lacks a requirement for USCIS to adjudicate Plaintiff's application with her husband's H-1B application. *See Pasem v. USCIS*, No. 20-344, 2020 WL 2514749, *2 (D.D.C. May 15, 2020) (New regulations "ha[ve] prevented USCIS from continuing to consider derivative visas

5

concurrently with the primary applications."). All told, the second *TRAC* factor supports Defendants.

The third and fifth *TRAC* factors address the delay's effect on the visa applicant. Under the third factor, the Court must consider that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake." *TRAC*, 750 F.2d at 80. The fifth factor "take[s] into account the nature and extent of the interests prejudiced by delay." *Id.* The analysis of both factors often overlaps. *Martin v. O'Rourke*, 891 F.3d 1338, 1346–47 (Fed. Cir. 2018) (collecting cases).

During the eight months that Plaintiff's visa applications have been pending, she has lost employment authorization and wages. ECF 7, PgID 41. Defendants conceded that "Plaintiff is prejudiced and has significant welfare issues at stake to the extent that she is not able to work until her applications are approved." ECF 8, PgID 51. That said, the prejudice against Plaintiff is not unexpected or unusual. Indeed, Plaintiff's eight-month waiting period is below the current processing times for her visas, which are 9.5 to 12 months and 9 to 12 months for Forms I-539 and I-765, respectively. ECF 6, PgID 30; *see also* Exhibits A; B. Still, the third and fifth *TRAC* factors slightly favor Plaintiff.

The fourth *TRAC* factor strongly favors Defendants because granting Plaintiff relief would cause unintended consequences and undermine the intuitive fairness of the "first-in, first-out" system. The practical effect of granting Plaintiff relief would allow her cut to the front of an already-long line of visa applicants. Allowing Plaintiff

6

to cut the line would create a zero-sum game that delays the adjudication of visa applicants already ahead of Plaintiff in the queue. *See Patel v. Cuccinelli*, No. 6:20-cv-101, 2021 WL 77459, at *10 (E.D. Ky. Jan. 8, 2021) ("Moving any application to the front of any line for processing would necessarily move others in that line back a space."). Indeed, the Sixth Circuit has declined to find unreasonable delay due to a "general backlog" of visa applications and noted that "plaintiffs cannot jump the line by simply requesting mandamus or other relief.'" *Hussein v. Beecroft*, 782 Fed. App'x 437, 443–44 (6th Cir. 2019). The fourth *TRAC* factor therefore strongly favors Defendants.

Last, the sixth *TRAC* factor supports neither party because no party alleged that impropriety is the cause for "agency lassitude." 750 F.2d at 80. In the end, the totality of the *TRAC* factors favor Defendant. "Delay alone, without other circumstances of unreasonableness, is not the 'unreasonable delay' required to confer subject matter jurisdiction" under the APA." *Muminov*, 2018 WL 5298386, at *4. Because Plaintiff cannot show her wait time has been unreasonably delayed, the Court lacks jurisdiction under the APA and will dismiss the claim.

II.  Petition for Mandamus

Mandamus relief is a drastic remedy and should "be invoked only in extraordinary situations." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). "Mandamus relief is available only when three requirements are met: '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" *Beecroft*, 782 F.

7

App'x at 441 (quoting *Carson*, 633 F.3d at 491). "When a petitioner seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004).

Put simply, Plaintiff has an adequate remedy under the APA if she could establish an unreasonable delay, but she cannot. As a result, the Court lacks subject-matter jurisdiction over her claim. The Court will therefore grant the motion to dismiss the petition for a writ of mandamus.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss the petition for a writ of mandamus [6] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: June 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 15, 2021, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager

# EXHIBIT A

USCIS Response to Coronavirus (COVID-19) (https://www.uscis.gov/about-us/uscis-response-to-covid-19)

Para tener acceso a este sitio en español, presione aquí (./es)

# Check Case Processing Times

Select your form number and the office that is processing your case

For more information about case processing times and reading your receipt notice, visit the Case Processing Times (./more-info) page.

**Form**

I-539 | Application to Extend/Change Nonimmigrant Status

**Field Office or Service Center**

Nebraska Service Center

Get processing time

## Processing time for Application to Extend/Change Nonimmigrant Status (I-539) at Nebraska Service Center

| Estimated time range |
|---|
| See table below |

Check your case status (https://egov.uscis.gov/casestatus/landing.do)

### ⓘ How we process cases

This time range is how long it is taking USCIS to process your case from the date we received it. We generally process cases in the order we receive them, and we will update this page each month. The estimated time range displayed is based on data captured approximately two months prior to updating the page. Please note that times may change without prior notice.

We have posted a "Receipt date for a case inquiry" in the table below to show when you can inquire about your case. If your receipt date (./more-info) is before the "Receipt date for a case inquiry", you can submit an "outside normal processing time" service request online (https://egov.uscis.gov/e-request).

**+ Read All Lines**

| Estimated time range | Form type | Receipt date for a case inquiry |
|---|---|---|
| 9.5 Months to 12 Months | Extension of stay for H dependents | May 29, 2020 |
| 9.5 Months to 12 Months | Change status to the F or M academic or vocational student categories | May 28, 2020 |
| 9.5 Months to 12 Months | Extension of stay for J exchange visitors | May 28, 2020 |
| 11 Months to 14 Months | Extension of stay for L dependents | March 28, 2020 |
| 9.5 Months to 12 Months | All other change-of-status applications | May 28, 2020 |

## ↗ Other case processing times resources

When to expect to receive your Green Card (./expect-green-card)

Processing information for the I-765 (./i765)

Affirmative Asylum Interview Scheduling (http://www.uscis.gov/humanitarian/refugees-asylum/asylum/affirmative-asylum-scheduling-bulletin)

Administrative Appeals Office (https://www.uscis.gov/about-us/directorates-and-program-offices/administrative-appeals-office-aao/aao-processing-times)

International Offices (./international-operations-office)

Historical Average Processing Times (./historic-pt)

## ? Case management tools

Inquire about a case outside normal processing time (https://egov.uscis.gov/e-request/displayONPTForm.do?entryPoint=init&sroPageType=onpt)

Check your case status (https://egov.uscis.gov/casestatus/landing.do)

Update your mailing address (https://egov.uscis.gov/coa/)

Ask about missing mail (https://egov.uscis.gov/e-Request/Intro.do)

Correct a typographical error (https://egov.uscis.gov/e-request/displayTypoForm.do?entryPoint=init&sroPageType=typoError)

Request appointment accommodations (https://egov.uscis.gov/e-request/displayAccomForm.do?entryPoint=init&sroPageType=accommodations)

# EXHIBIT B

USCIS Response to Coronavirus (COVID-19) (https://www.uscis.gov/about-us/uscis-response-to-covid-19)

Para tener acceso a este sitio en español, presione aquí (./es)

# Check Case Processing Times

Select your form number and the office that is processing your case

For more information about case processing times and reading your receipt notice, visit the Case Processing Times (./more-info) page.

**Form**

I-765 | Application for Employment Authorization

**Field Office or Service Center**

Nebraska Service Center

Get processing time

## Processing time for Application for Employment Authorization (I-765) at Nebraska Service Center



**Estimated time range**

**3** Months to **6.5** Months

Check your case status (https://egov.uscis.gov/casestatus/landing.do)

### ℹ How we process cases

This time range is how long it is taking USCIS to process your case from the date we received it. We generally process cases in the order we receive them, and we will update this page each month. The estimated time range displayed is based on data captured approximately two

months prior to updating the page. Please note that times may change without prior notice.

We have posted a "Receipt date for a case inquiry" in the table below to show when you can inquire about your case. If your receipt date (./more-info) is before the "Receipt date for a case inquiry", you can submit an "outside normal processing time" service request online (https://egov.uscis.gov/e-request).

| Notes |
|---|
| You may be a member of the class action, *Rosario v. USCIS*, Case No. C15-0813JLR, if USCIS does not adjudicate within 30 days your initial (first) Form I-765, *Application for Employment Authorization*, based on your pending asylum application, AND:<br>• You are a member of either CASA de Maryland (CASA) or the Asylum Seeker Advocacy Project (ASAP) and are entitled to limited relief under the injunction in *CASA de Maryland Inc. et al. v. Chad Wolf et al.* ; or<br>• You filed your Form I-765 before Aug. 21, 2020, and it has not yet been adjudicated.<br><br>Please see the www.uscis.gov/rosario (http://www.uscis.gov/rosario) webpage for further information about the *Rosario* class action and how to investigate the status of your employment authorization application.<br><br>USCIS has updated the method for determining I-765 processing times to provide more precise information to the public. As part of this update, we are providing processing times for additional I-765 sub-types. For more information about this updated method, please visit the *Case Processing Times* (./more-info) page. |

+ Read All Lines

| Estimated time range | Form type | Receipt date for a case inquiry |
|---|---|---|
| 1 Week to 9.5 Months | Based on an approved asylum application [(a)(5)] | August 16, 2020 |
| 2 Months to 3.5 Months | Based on an approved, concurrently filed, I-821D [(c)(33)] | February 14, 2021 |
| 3 Weeks to 5.5 Months | All other applications for employment authorization | December 07, 2020 |
| 5.5 Months to 7 Months | Based on a pending I-485 adjustment application [(c)(9)] | October 20, 2020 |
| 9 Months to 12 Months | Based on being an H-4 spouse of an H-1B nonimmigrant (filed with I-539 H4) [(c)(26)] | May 20, 2020 |

## Other case processing times resources

When to expect to receive your Green Card (./expect-green-card)

Processing information for the I-765 (./i765)

Affirmative Asylum Interview Scheduling (http://www.uscis.gov/humanitarian/refugees-asylum/asylum/affirmative-asylum-scheduling-bulletin)

Administrative Appeals Office (https://www.uscis.gov/about-us/directorates-and-program-offices/administrative-appeals-office-aao/aao-processing-times)

International Offices (./international-operations-office)

Historical Average Processing Times (./historic-pt)

## Case management tools

Inquire about a case outside normal processing time (https://egov.uscis.gov/e-request/displayONPTForm.do?entryPoint=init&sroPageType=onpt)

Check your case status (https://egov.uscis.gov/casestatus/landing.do)

Update your mailing address (https://egov.uscis.gov/coa/)

Ask about missing mail (https://egov.uscis.gov/e-Request/Intro.do)

Correct a typographical error (https://egov.uscis.gov/e-request/displayTypoForm.do?entryPoint=init&sroPageType=typoError)

Request appointment accommodations (https://egov.uscis.gov/e-request/displayAccomForm.do?entryPoint=init&sroPageType=accommodations)